UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SYLVESTER N. OTIJI,

          Plaintiff,

   v.

UNIVERSITY OF THE DISTRICT OF
COLUMBIA - WDLL,

          Defendant.

Civil Action No. 23-380 (JMC)

## MEMORANDUM OPINION

Plaintiff filed his initial Complaint on February 9, 2023. ECF 1. On April 25, 2023, the Court issued a Minute Order instructing Plaintiff that the 90-day service deadline would expire on May 10, 2023. *See* Fed. R. Civ. P. 4(m). After that deadline passed, the Court issued a Minute Order instructing Plaintiff to show cause, by June 2, 2023, why the Complaint should not be dismissed for failure to effect timely service. Plaintiff never responded to that Minute Order, nor has he ever requested an extension of time to serve Defendant.

On June 12, 2023, Defendant filed a Motion to Dismiss under Rules 12(b)(4) and 12(b)(5). ECF 5. That Motion acknowledges that Plaintiff served documents on Defendant on May 24, 2023, *id.* at 4, but argues that the attempted service was ineffective for three reasons. First, Defendant contends service was untimely because it occurred two weeks past the 90-day deadline. In Defendant's view, the Court should dismiss the case because Plaintiff has shown no good cause why he should be given extra time under Fed. R. Civ. P. 4(m). *Id.* at 6. Second, Defendant contends that process was insufficient because the summons lacked both the clerk's signature and the seal of the Court, as required by Fed. R. Civ. P. 4(a)(1)(F)–(G). *Id.* at 7. Finally, Defendant contends that service was incomplete because the documents that were served did not include the original

1

Complaint, as required by Fed. R. Civ. P. 4(c)(1). *Id.* at 8. After the Motion to Dismiss was docketed, the Court issued an Order instructing Plaintiff that he was obligated to file any opposition to the Motion by July 10, 2023, and that if he failed to do so, the Court could consider the arguments in the Motion conceded and dismiss the case. ECF 6 (citing *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988)).[1]

Despite the Court's Order, Plaintiff has filed no opposition to the Motion to Dismiss. Instead, on July 11, 2023, Plaintiff filed a "Notice." ECF 11. That Notice consists of emails exchanged with a process server involving the server's failed attempts to serve Defendant's attorney of record, and it accuses Defendant of evading service in the case. *Id.* Plaintiff does not appear to understand that his obligations are to serve Defendant or an authorized agent, not the Defendant's attorney (unless that attorney has agreed to accept service). *See* Fed. R. Civ. P. 4(e). Moreover, Plaintiff has still provided the Court with no reason why it should not dismiss the case for his failure to meet the original 90-day deadline; these latest attempts at service are occurring a full two months after that deadline expired. Given the above, the Court is inclined to find that Plaintiff's renewed attempts at (belated) service are an acknowledgement that his original attempt at service was deficient.

For the above reasons, the Court deems the arguments made by Defendant in its Motion to Dismiss, ECF 5, conceded and **GRANTS** the Motion. The Complaint, ECF 1, and the case are **DISMISSED**.

This is a final, appealable order.

**SO ORDERED.**

DATE: July 12, 2023

---

[1] This case was initially filed as a *pro se* action, although an attorney signed the Civil Cover Sheet submitted with the Complaint. ECF 1-3 at 2. After the Court sought clarification, an attorney entered an appearance on behalf of Plaintiff.

3

_____
Jia M. Cobb
U.S. District Court Judge